IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| SONDRA PRUITT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07-3307-CV-S-WAK |
| | ) | |
| UNITED HEALTHCARE SERVICES, INC., | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff Sondra Pruitt was injured in an automobile accident in 2002[1]. She incurred substantial medical bills, which were partially paid by health insurance obtained through her employment. In March 2007, the automobile insurer offered a settlement amount for her personal injuries and plaintiff accepted. After she had done so, but before the funds were released, she was informed that defendants United Healthcare Services, Inc., and Trover Solutions, Inc., d/b/a Heathcare Recoveries, had served a lien notice on American Family Insurance Company (American Family). Thus, American Family refused to pay the settlement proceeds to plaintiff until the lien was released or withdrawn.

Plaintiff asserts she was not given notice of the lien when it was served in December 2005, did not learn of the lien until after she had accepted a settlement offer, and defendants have refused to release or withdraw it. Plaintiff states defendants' acts were not justified, are contrary to law and public policy, and are an effort to coerce funds from plaintiff that are not due and owing. Thus, she filed suit in the Circuit Court of Greene County, Missouri, alleging tortious interference with her contract and expectancy from American Family.

In September 2007, defendants removed the state petition to federal court, alleging plaintiff's claims are completely preempted by section 502 of ERISA, 29 U.S.C. § 1001 et seq. Defendants characterize plaintiff's tortious interference claim as one essentially addressing "her

---

[1]Plaintiff was a passenger in the vehicle which was owned and operated by Phillip Frieze.

right to recover from a tortfeasor for the medical claims paid by her health plan." (Doc. 9.) Plaintiff challenges that characterization and has moved to have the case remanded to the state court.

A state case may be removed to federal court if the case would have been within the original jurisdiction of the federal court when it was filed. 28 U.S.C. § 1441. The removing defendants have the burden of demonstrating that removal to federal court is appropriate. Thomas v. Brown and Williamson Tobacco Corp., 2006 WL 1194873 (W.D. Mo. April 28, 2006). If subject matter jurisdiction is lacking, however, the case must be remanded back to the state court. 28 U.S.C. § 1447(c).

Federal question jurisdiction is determined "by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). Thus, a state case cannot be removed to federal court on the basis of a federal defense, even if the parties concede that the federal defense is the only question truly at issue. Id. at 393.

Preemption is generally raised as a defense, is not found on the face of the complaint, and does not authorize removal. An exception exists, however, when the preemptive force of a statute is so encompassing that it converts an ordinary state claim into one stating a federal question for purposes of the well-pleaded complaint rule. Metropolitan Life Insurance Co. v. Taylor, 481 U.S. 58, 63 (1987). In Metropolitan Life Insurance Co., the Court found Congress had clearly shown an intent to make claims within the scope of the civil enforcement provisions of section 502 of ERISA removable to federal court. Id. at 66. In other words, state claims that fall within the purview of section 502 are converted to federal claims for purposes of the well-pleaded complaint rule. This is referred to as the complete preemption doctrine.

The issue in this case, then, is whether plaintiff's claim falls within the scope of the enforcement provisions of section 502, irrespective of defendants' preemption defense. If it does, then plaintiff is deemed to have pled a federal question and removal is proper.

A lawsuit that relates to an employee benefit plan and that is brought to recover benefits, enforce rights or to clarify rights to future benefits with regard to the plan falls directly under section 502. The statute provides an exclusive federal cause of action for resolution of the

2

issues, and state claims over those issues are completely preempted.  Metropolitan Life Insurance Co. v. Taylor, 481 U.S. at 62-63.

Plaintiff states she has not asserted a claim against defendants based upon an employee benefit plan.  She states her claim arises solely out of defendants' improper interference with her contractual relationship with American Family, a third party who is not her employer or insurer.  She does not seek to recover benefits, enforce rights or to clarify rights to future benefits, but seeks money damages for defendants' tortious interference.  She argues that even if the court is required to interpret or apply an ERISA plan based upon defenses, that does not convert this case to one that arises under federal law and that is completely preempted.

A three-part test has been articulated to determined whether a claim falls within the scope of section 502.  Tovey v. Prudential Insurance Co. of America, 42 F. Supp.2d 919 (W.D. Mo. 1999).  The first element, whether plaintiff is eligible to bring a claim under section 502, is uncontested.  Plaintiff is a plan participant or beneficiary.

The second issue is whether the subject matter of her claim falls within the scope of section 502(a).  "In other words, the claim must seek to recover benefits, to enforce rights, or to clarify rights to future benefits."  Tovey v. Prudential Insurance Co. of America, 42 F. Supp.2d at 925.  Plaintiff states her claims do not fall within this section because she is seeking money damages caused by defendants' interference with her right to collect settlement proceeds.  She claims she has been damaged because she has been unable to collect amounts owed to her under a contract with American Family.

In contrast, defendants state plaintiff's claim concerns whether she is entitled to receive both payment by her health plan for medical costs and personal reimbursement for those costs from a third-party tortfeasor.  They say the dispositive issue is "the propriety of the claim asserted by United Healthcare and Trover against any settlement Plaintiff might have received in connection with an automobile accident and related injuries she suffered."  (Doc. 9 at 4.)

The parties have not cited the court to any case law where this issue, in its current posture and with similar facts, has been addressed.  Plaintiff received the benefit from her insurer because her medical bills were paid in accord with the provisions of her plan.  She is not claiming a right to future benefits under the plan for this injury because the settlement funds are

Case 6:07-cv-03307-WAK    Document 13    Filed 11/29/07    Page 3 of 5

not coming from the plan.  Thus, she is not seeking to recover benefits or claiming a right to future benefits.

Whether she is attempting to enforce rights that arise under the terms of the plan depends, to some degree, on how her claim is characterized.  She has identified her claim as one for tortious interference.  Under Missouri law, the elements of tortious interference include (1) a valid business expectancy, (2) defendants' knowledge of the relationship, (3) a breach induced or caused by defendants' intentional interference, (4) absence of justification, and (5) damages. Stehno v. Sprint Spectrum, L.P., 186 S.W.3d 247, 250 (Mo. 2006).  To prove the elements of her state law claim, she may have to introduce evidence regarding her health benefit plan on the issue of justification.

Nevertheless, plaintiff is not attempting to obtain benefits or enforce rights under her health insurance benefit plan.  Her claim cannot fairly be said to be "a claim for benefits under ERISA § 502."  She is attempting to prevent the defendants from holding up the proceeds of a settlement from a separate tortfeasor and to collect damages resulting from the delay.  In her petition, plaintiff alleges she sustained substantial injuries in the accident that resulted in pain and suffering, permanent physical impairment, scarring, disfigurement and disabilities, loss of income and loss of financial opportunities and career advancement.  It was for those injuries that she entered into a settlement agreement with American Family.

Defendants' conduct has prevented her from obtaining the proceeds from that settlement agreement.  While she may have to prove in this case that defendants' conduct was not justified, she may do so by showing it was not authorized by the plan, or that laches or some other legal theory bars their recovery.  Thus, while the benefit plan may play some part in the lawsuit, it is not the only issue, is not the basis for plaintiff's damage claim, and is not the primary focus.  The mere fact that interpretation of the plan may come up in plaintiff's case to show lack of justification does not convert the claim into one for benefits under the plan.

Defendants' recharacterization of the claim to one related to benefits obtained from the insurance benefit plan is an attempt to circumvent what was pled and to incorporate their defense into the complaint.  In their action notifying American Family of a lien on settlement proceeds, it was defendants who were attempting to enforce possible rights under the employee benefit plan. They are the ones who have suggested the settlement proceeds include recovery for medical

4

expenses paid by the employee health plan, but there is no indication in any of the pleadings that they notified plaintiff of their intention to be reimbursed by the tortfeasor for their expenses so that it could be considered in plaintiff's settlement negotiations with the automobile insurer.

The third part of the preemption analysis is a determination of whether the rights that plaintiff seeks to recover, clarify or enforce arise under the terms of the plan. Here, plaintiff is not attempting to recover benefits, clarify rights or enforce rights. She is requesting damages caused by the interference with her settlement with a third party. She has not pled that her right to settle with a third party falls within the terms of the benefit plan or that defendants have violated that right.

After carefully considering the pleadings, researching the complete preemption case law, and reviewing the reported cases, this court is persuaded that plaintiff's petition does not fall within the purview of the enforcement provisions of section 502, and is thus not completely preempted by ERISA. As pled in this case, plaintiff is not attempting to recover benefits from the plan, enforce rights under the plan, or clarify her rights to future benefits related to the plan. If defendants had wanted a federal forum to litigate their right to recover funds from the settlement proceeds, they could have initiated an action under the relevant statutes. They may not rewrite the petition or convert this case to such an action based upon their defense. Accordingly, this court lacks subject matter jurisdiction and it is

ORDERED that plaintiff's motion of September 28, 2007, to remand this case to the Circuit Court of Greene County, Missouri, pursuant to the provisions of 28 U.S.C. § 1447, is granted. [8]

Dated this 29th day of November, 2007, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge